**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

FILED          ENTERED
LODGED         RECEIVED

SEP 2 3 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY          DEP

**MICHAEL A. MASON**          *
                             *
      Plaintiff          *
                             *
v.                           *          Civil No. **PJM 13-2290**
                             *
**CAPITOL OFFICE SOLUTIONS**   *
                             *
      Defendant          *
                             *

### MEMORANDUM OPINION

*Pro se* Plaintiff Michael A. Mason has sued Capitol Office Solutions ("COS") for (1) racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and the Civil Rights Act of 1866, 42 U.S.C. § 1981, (2) retaliation for engaging in a protected activity under Title VII and 42 U.S.C. § 1981, (3) discrimination on the basis of disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, (4) intentional infliction of emotional distress, and (5) wrongful discharge in violation of public policy. COS has filed a Corrected Motion to Dismiss (Dkt. 11), which Mason opposes (Dkt. 16).

For the reasons that follow, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** COS's Corrected Motion to Dismiss.

### I.

#### Factual Background

According to the Complaint, Mason, an African-American male, worked at COS beginning in November 2002 until his termination in August 2009. While there, he eventually became a Black and White Copier Technician. In January 2004 Mason began to make verbal and written complaints to his managers that his work environment was "racially discriminatory."

He cites as examples the fact that a Caucasian employee, Gary Rasmussen, referred to Mason and several other African-Americans with "the 'n' word," (a term which Rasmussen said other African Americans used), and that he also used slurs against Hispanics and Asians, as well as listened to racial rants on the Rush Limbaugh radio show.

Mason says he also heard a Caucasian manager named Jeff Simon use racial slurs against African-Americans (though not apparently directed at Mason). He also complains of vulgar sexist remarks purportedly made by Simon, again not against Mason, but against three other African-American employees. From all that appears, Mason's complaints were continuous.

Mason alleges that he performed well at COS and was considered one of the top Black and White Copier Technicians. He won the DC Service Technician of the Year in 2005, 2006, and 2007 and had ratings in the top 20% of service technicians. He says, however, that in 2009, he began to receive lower efficiency ratings, because his manager, Gary Jennifer, would "take calls away" from him. Mason claims that this is evidenced by the fact that when Jennifer was on vacation, Mason's ratings returned to the top 20% of service technicians. Mason does not allege that Jennifer used any racial epithets against him.

On July 27, 2009 Mason filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race and color and retaliation for having engaged in protected activity. He submitted a copy of the Charge to his managers on July 31, 2009. In an encounter in a bathroom on August 5th or 6th, he says Gary Jennifer (Field Service Manager) told him that he should meet with company management to discuss his complaints. But before he could do so, however, on August 7, 2009 Mason was terminated. Mason contends that his termination was in retaliation for his "good faith" complaints of discrimination to management and to the EEOC.

2

Mason avers that in March 2012, he had a mental breakdown and was involuntarily placed in a state-run mental facility for ten days, where he was diagnosed as suffering a manic episode of a bipolar disorder. He claims that his deteriorating mental state resulted from COS's racial discrimination and his unlawful termination. In his Response to COS' Motion to Dismiss, Mason asserts that, following his diagnosis, he called his EEOC investigator to add a claim of discrimination on the basis of disability under the Americans with Disabilities Act to his Charge. The ADA claim, however, was never added.

Mason was issued a right to sue letter dated July 12, 2012 after the EEOC determined, after investigation, that there was insufficient evidence of racial discrimination on the part of COS. Mason claims that he did not receive the letter until a copy was sent to him on April 15, 2013, almost one year later. He filed his Complaint in this Court on August 7, 2013, four years following his termination from COS, and 114 days after he says he received his right to sue letter.

Although Mason does not set out his claims in specific counts, the Court has been able to extract some six counts against COS therein: two counts under 42 U.S.C. § 1981 of wrongful discharge and retaliation; two counts under Title VII of wrongful discharge and retaliation; one count of discrimination on the basis of disability under the ADA; and one count of intentional infliction of emotional distress. In his Opposition, Mason has attempted to add a seventh count: wrongful discharge in violation of public policy.

COS moves to dismiss Mason's claims as follows:

All Claims: Lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and Failure to state a claim under Fed. R. Civ. P. 12(b)(6).

42 U.S.C. § 1981 Wrongful Discharge Claim: Failure to plead sufficient elements under Fed. R. Civ. P. 12(b)(6).

42 U.S.C. § 1981 Retaliation Claim: No argument.

All Title VII Claims: Filed more than 90 days from receipt of right to sue letter.

Intentional Infliction of Emotional Distress Claim: Barred by Statute of Limitations.

Wrongful Discharge Claim: Barred by Statute of Limitations.

Americans with Disabilities Act Claim: Not included within Charge to EEOC.

Without, at this juncture, specifying the response or responses that Mason makes in his opposition to these arguments, suffice it to say that he disputes each and every one of the grounds. His arguments will be spelled out in greater detail as the Court addresses each of the grounds COS puts forth.

## II.

### Legal Standards

Motions to dismiss for lack of subject matter jurisdiction are properly brought pursuant to Fed. R. Civ. P. 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). When considering a 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* Failure to exhaust administrative remedies is properly challenged under Fed. R. Civ. P. 12(b)(1). *Khoury*, 268 F. Supp. 2d at 606.

A motion to dismiss under Rule 12(b)(6) is for failure to state a claim; it tests the sufficiency of a complaint, but does not resolve factual contests, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). Failure to raise a claim within the statute of limitations is properly challenged via this rule. *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). In considering such a motion, the district court accepts the well-pleaded allegations in the complaint, and draws any reasonable factual inferences in favor of the plaintiff. *See Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). The court should only grant a motion to dismiss if the plaintiff cannot provide enough factual support to establish a facially plausible claim or create a reasonable inference of defendant's culpability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff proceeding *pro se* is held to a "less stringent standard" than a lawyer, and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the district court must dismiss the complaint if it lacks jurisdiction, and no plaintiff is exempt from the requirement that a complaint contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In Title VII and ADA claims, "a failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim." *Sills v. BFI Waste Servs., LLC*, 2013 WL 812011 at *4 (D. Md. Mar. 1, 2013*)* (citing *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009)); *see also* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). A federal court may only consider those claims alleged in the EEOC Charge. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir.

1996).  This applies to claims under both Title VII and the ADA.  *Lipscomb v. Clearmont Constr. and Dev. Co.*, 930 F. Supp. 1105, 1106 (D. Md. 1995) ("Under Title VII and the ADA, a plaintiff must first timely file a charge with the EEOC before commencing a suit.").

If the EEOC decides not to pursue the claims in the Charge, it will issue a right to sue letter giving the claimant 90 days to sue following receipt of the letter.  42 U.S.C. § 2000e-16(c). A right to sue letter is presumed received three days after it is issued and mailed.  *Weathersbee v. Baltimore City Fire Dept.*, 970 F. Supp. 2d 418, 427 (D. Md. 2013).  If suit is not filed within 90 days of receipt, the claim is deemed untimely.  *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir. 1987).  The court may cure an untimely claim through equitable tolling, but tolling will not be allowed when the plaintiff has missed the filing deadline simply due to a lack of diligence.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

A three years statute of limitations applies to claims of wrongful discharge and intentional infliction of emotional distress.  *Knickman v. Prince George's Cnty.*, 187 F. Supp. 2d 559, 563-64 (D. Md. 2002).  The continuing effects of an unlawful employment practice do not cure an untimely claim.  *See, e.g.*, *United Airlines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).

### III.

#### Claims under 42 U.S.C. § 1981

#### A.

#### Wrongful Discharge under § 1981

The Court turns first to the viability of Mason's claim that he was wrongfully discharged by COS due to his race under 42 U.S.C. § 1981.[1]

---

[1]  At the outset, the Court notes that the statute of limitations for 42 U.S.C. § 1981 claims is four years from the alleged discriminatory act. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) ("a cause of action aris[ing] under an Act of Congress enacted after December 1, 1990 . . . is governed by [28 U.S.C.] § 1658's 4–year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post–1990 enactment.").

To survive a motion to dismiss on a wrongful discharge claim under 42 U.S.C. § 1981, a plaintiff must demonstrate:

> (1) membership in a protected class; (2) an adverse employment action; (3) performance of job duties at a level that met the employer's legitimate expectations; and (4) that the position remained open or was filled by similarly qualified applicants outside the protected class

*Davis v. Baltimore Hebrew Congregation*, 985 F. Supp. 2d 701, 714 (D. Md. 2013) (citing *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc)).

COS concedes that Mason has sufficiently pleaded the first three elements of the claim and the Court agrees: Mason is an African-American who alleges he was terminated by COS despite his past Service Technician of the Year awards and his record of satisfactory performance evidenced by his efficiency ratings. COS is correct that the Complaint fails to allege that "the position remained open or was filled by similarly qualified applicants outside the protected class." *Id.* In his Response, Mason claims that his position was indeed filled by a Caucasian man or, alternatively, that it remains listed on Careerbuilder.com. Because Mason is a *pro se* litigant, his claims are to be construed liberally, *Erikson*, 551 U.S. at 94. Therefore he is granted leave to amend his Complaint to complete his claim for wrongful discharge under 42 U.S.C. § 1981 so as to allege in his Complaint what he alleges in his Response. The Motion to Dismiss regarding this claim is **GRANTED WITHOUT PREJUDICE**, but Mason is **GRANTED LEAVE** to file an Amended Complaint within 60 days.

---

Because § 1981 is a post–1990 enactment, the four-year statute of limitations governs. *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 878 (D. Md. 2012) ("the Civil Rights Act of 1991 reopened the door to [§ 1981 claims] . . . [t]hus, as § 1981 is a post–1990 enactment, § 1658's four-year statute of limitations controls") (citing *Jones*, 541 U.S. at 382). Mason was discharged on August 7, 2009, and he filed on the last day of the limitations period: August 7, 2013. COS does not allege that Mason's claims § 1981 are untimely.

**B.**

Retaliation under § 1981

Mason's claim of retaliation under 42 U.S.C. § 1981 survives the Motion to Dismiss

under Fed. R. Civ. P. 12(b)(6).  COS did not address this claim in its Motion to Dismiss and its

Reply.[2]

To establish a *prima facie* retaliation claim under § 1981,[3] Mason must show (1) that he

engaged in a protected activity; (2) that his employer took an adverse employment action against

him; and (3) that a causal connection existed between the protected activity and the asserted

adverse action.  *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004).

Mason's retaliation claim under § 1981 may proceed because he alleges he complained to

the EEOC on July 27, 2009, and was terminated shortly after the complaint, thus establishing a

possible nexus between the complaint and his termination.  The possible nexus is established by

Mason's encounter on August 5th or 6th with Gary Jennifer who told him, while in the

bathroom, to report to a separate COS office regarding his complaints.  Within one or two days,

on August 7, 2009 Mason was terminated.  Mason has pled a *prima facie* case of retaliation.

Accordingly, the Motion is **DENIED** as to the retaliation claim under § 1981.

**IV.**

Title VII and ADA claims

Mason's claims under both Title VII and the ADA may be considered together because

they involve the same administrative procedures.  *Knickman*, 187 F. Supp. 2d at 564. The Court

finds Mason's claims under Title VII and the ADA to be untimely.

---

[2] In its Motion to Dismiss, COS argues that Mason failed to state a claim under § 1981 generally and describes why the wrongful discharge claim fails.  The retaliation claim under § 1981, however, is not addressed by COS.
[3] Although 42 U.S.C. § 1981 does not explicitly include claims of retaliation, the Supreme Court held that such claims are cognizable in *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008).

The Title VII claims are untimely because Mason failed to file suit within the 90-day limitations period following the EEOC's dismissal of his investigation. His right to sue letter was dated July 12, 2012 but the instant suit was not filed until August 7, 2013. Mason, to be sure, contends that he never received the July 12, 2012 right to sue letter from the EEOC, and that he is entitled to equitable tolling because he was not aware of any such letter until April 15, 2013 when a copy was mailed to him. But even then, Mason failed to file suit within 90 days of presumed receipt of the July 12, 2012 right to sue letter. In other words, even if the Court were to apply the 90-day period from the date Mason claimed he actually received a copy of the right to sue letter, he still did not file suit until 114 days later. Either way, Mason's claims are barred.

Mason's claim under the ADA is barred because he failed to exhaust his administrative remedies with the EEOC before filing suit. Mason argues that he should be excused because he eventually attempted to have his claim of discrimination on the basis of disability included in his Charge. The Court disagrees. If, indeed, Mason intended to include a disability discrimination claim in his administrative complaint, he had plenty of time to seek to correct any omission well beforehand. Mason failed to amend his Charge to the EEOC, which is to say, he failed to exhaust his administrative remedies. Again, however, assuming *arguendo* that a disability claim were constructively imported into his complaint to the EEOC in March 2012, it would still be barred because the claim of disability discrimination could not be deemed timely. A claim with the EEOC in Maryland must be made within 300 days of the discriminatory act. 42 U.S.C. §2000e-5(e)(1). Mason sought have his disability claim added in March 2012, well after the 300-day limitations period following his discharge on August 7, 2009. His Title VII and ADA claims are therefore **DISMISSED WITH PREJUDICE**.

## V.

### Claims under Maryland Common Law

Finally, the Court turns to Mason's claims under Maryland common law: intentional infliction of emotional distress and wrongful discharge in violation of public policy.

Both of these claims are barred because they were raised beyond the statute of limitations, which is three years from the alleged tortious act. *Knickman*, 187 F. Supp. 2d at 563-64 ("a three year statute of limitations applies to . . . claims of wrongful discharge . . . and Intentional Infliction of Emotional Distress"). Mason's Complaint was filed four years following his discharge. Although he says that he continues to suffer from the adverse effects of his purportedly wrongful termination and that therefore his intentional infliction of emotional distress claim is a continuing violation, it is the onset of the distress, not its duration, which starts the clock for calculating the limitations period. In any event, Mason would have to show "extreme and outrageous conduct intentionally or recklessly caus[ing] severe emotional distress," Restatement (Second) of Torts § 46 (1965), by COS within the limitations period. *Kashaka v. Baltimore Cnty., Maryland*, 450 F. Supp. 2d 610, 616-617 (D. Md. 2006) (citing *Causey v. Balog*, 162 F.3d 795, 804 (4th Cir. 1998)). The only allegedly harmful act by COS within the limitations period was its refusal to provide Mason with a positive job reference, which as a matter of law falls far short of "extreme and outrageous conduct."

The common law claims are untimely and are **DISMISSED WITH PREJUDICE**.

## VI.

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendant's Corrected Motion to Dismiss (Dkt. 11) as to Mason's claims of wrongful discharge and

retaliation under Title VII, discrimination on the basis of disability under the ADA, intentional

infliction of emotional distress, and wrongful discharge in violation of public policy.

As to Mason's claim of claim of wrongful discharge under 42 U.S.C. § 1981,

Defendant's Motion is **GRANTED WITHOUT PREJUDICE**.  Mason has **60 days** from this

date to file an Amended Complaint.

Defendant's Motion to Dismiss is **DENIED** as to the claim of retaliation under 42 U.S.C.

§ 1981.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

September ___, 2014